### YOUNG v. FITZGERALD et ux.

(First Division. Juneau. February 26, 1910.)

No. 683A.

PUBLIC LANDS (§ 31*)—OCCUPANCY—INDIANS—TIDELANDS.

On May 17, 1884, and for many years prior thereto, one Yach-goos, an Indian, was in possession of a small tract of upland abutting on the seashore near Juneau, Alaska. He had cleared the rocks from a narrow strip of the land, giving him access from the sea to his home, and on this cleared strip of tidelands set stakes, to which he moored his canoes. In 1902 plaintiff entered upon the tideland strip and set piles, without the Indian's permission, and thereafter claimed the possessory title to the strip for wharf purposes. In 1908 Yach-goos conveyed his possessory rights by deed to Mrs. Fitzgerald, an Indian woman, who entered into possession. Plaintiff brought suit praying for an injunction to prevent defendants from trespassing upon the premises. *Held*, under Act May 17, 1884, c. 53, 23 Stat. 24, the Indian occupancy could not be disturbed by the plaintiff, and injunction denied.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 51–53; Dec. Dig. § 31.*]

This is a suit involving the rights of the parties in certain tide or shore land within the corporate limits of the town of Juneau but abutting upon uplands lying without and beyond the patented townsite of Juneau.

Plaintiff by his complaint asserts ownership and possession for five years before the commencement of this suit to a piece of land 30 feet wide and extending from the mean high tide line of Gastineau Channel, an arm of the Pacific Ocean, to the deep water thereof; that the plaintiff acquired this land

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

in 1902 of James Yakoos, then the owner of the abutting upland; that plaintiff immediately went into possession, driving piles over said ground, and continued to hold possession until July, 1908, when the defendants wrongfully ousted him therefrom and seek to appropriate the improvements made by the plaintiff. The prayer of the complaint is that the defendants be enjoined from trespassing upon the land, and that the plaintiff have and recover possession.

The defendants by their answer put these allegations in issue, except their possession, and assert: That in 1883 Yach-goos, defendants' grantor, a native Alaska Indian, entered upon and took possession of the upland abutting upon the tideland in dispute, all of which was then unoccupied and unclaimed, made his home and residence upon said upland, ever since remaining in exclusive possession thereof. That he ever since said date, and until prevented by plaintiff, used, occupied, and possessed the said tideland, claiming and using the same for landing, keeping, mooring, loading, and unloading his canoes in going and coming from his said home. That the defendant Mrs. James Fitzgerald is a native Indian woman. That plaintiff, without right and without the consent of the defendants or their grantor, wrongfully entered upon and erected piling on said tidelands. That the defendant Mrs. James Fitzgerald, the grantee of Yach-goos, is entitled to the possession of said tideland under the act of May 17, 1884. Defendants ask for the dismissal of the complaint.

Plaintiff by his reply denies defendant's ownership, possession, occupation, and use of any part of said tract or that of Mrs. James Fitzgerald's grantor.

L. P. Shackleford and R. W. Jennings, both of Juneau, for plaintiff.

Heid & Love, of Juneau, for defendants.

CUSHMAN, District Judge. Upon the trial it was shown that a native Alaskan Indian, named Yach-goos, prior to May 17, 1884, took possession of the vacant upland abutting upon the land in dispute and erected a residence thereon, therein making his home until he sold and deeded it to the defendant

Mrs. James Fitzgerald; that the house in which he lived there-
on for several years prior to such sale was of the full width
of 30 feet along the shore line; that a part of the water front
and of said house extended over and upon the abutting tide
or shore land; that the site of this house is now covered by a
store building of the defendants; that Yach-goos, like other
Indians of his tribe, was away for considerable periods hunt-
ing and trapping, and for that purpose had small hunting
houses in other places, but that he continued to return to and
live in this house in the summer time and occasionally in the
winter and other seasons; that he cleared the large rocks from
the tideland in controversy, landed thereon with his canoes,
drove stakes upon it for their better mooring, and used and
occupied the tideland for such purposes throughout the pe-
riod of his occupancy of the upland; that in May, 1902, Yach-
goos, not being able to write, and affixing his mark as Yach-
goos, recorded a notice in the office of the recorder in Juneau
precinct, giving notice that he had located and claimed for
dwelling purposes said upland, and also reciting that:  ·

"I also claim and have a valid right to the possession and oc-
cupancy of the tide flats in front of said lot, bounded by the parallel
side lines of said lot extended across said flats on a direct line, car-
rying the width of 29 feet to deep water."

In December, 1902, the plaintiff, under the name of the
Juneau Storage Company, took deeds to this and contiguous
tidelands.    That he used the name of the Juneau Storage
Company for no other purpose.    That who was represented
by this name was known only to a few persons and was not
known to Yach-goos nor the defendants.    That among these
deeds was one from the son or nephew of Yach-goos (the
evidence is not clear as to the relationship), signed and ac-
knowledged as James Yakoos and sometimes called Jimmie
Bean.    That in 1905 the plaintiff caused piles to be driven
in and over this tideland, about 10 or 12 feet apart.    That
nothing further was done by him.    That the Jimmie Bean
deed was in no way authorized by Yach-goos, and that he
did not know of the driving of the piles until after they were
all driven and did not consent thereto.    That, although he

was still able and did continue to come with his canoes across the tideland to his house and to moor them thereon, it was with more difficulty and inconvenience on account of such piling. That in May, 1908, Yach-goos deeded the upland to the defendant Flora C. Fitzgerald, the deed containing the following proviso:

"It is my intention hereby to sell and convey all rights which I have by reason of long and continuous occupation and actual possession of said tract or parcel of land long prior to May 17, 1884."

That thereafter, in July of the same year, he executed another deed to her by a description which adopted a survey made since the giving of the first deed. That on the 13th day of July, 1908, he deeded the abutting tideland to her. That the defendants, about the time of the commencement of this suit, began placing planks upon the piles placed on this shore land by the plaintiff, the effect of which would be to improve their (the defendants') access to the navigable waters of the channel. That such piles, in the condition they were left by the plaintiff, were calculated to interfere with and obstruct the free access of the defendants from their upland holdings to such navigable waters across this shore land.

The land in this case is a shaley shore, some hundred feet in width; there being no tide flats involved.

In Heckman v. Sutter, 119 Fed. 83, 55 C. C. A. 635, Id., 128 Fed. 393, 63 C. C. A. 135, it was held that one residing upon and occupying May 17, 1884, upland bordering upon Tongass Narrows, who had cleared the shore and tide flats of obstructions and used it to draw his seines over to bring the fish to shore, had such right of temporary possession and occupancy as to entitle him to injunctive relief against interfering with the exercise of that right and use; that 600 feet in extent along the shore was not unreasonable even in the case of a native Indian; that this right, though depending upon a claim of right or actual possession May 17, 1884, could be granted.

It is therefore concluded that Yach-goos' interest in the shore upon which he drew his canoes to his door, to the extent at least of the width of his house, which includes all the

land in controversy, could be and was granted to the defendant Flora C. Fitzgerald, and that she is entitled to the possession thereof against the plaintiff. If the defendant Flora C. Fitzgerald were to be considered as a littoral proprietor only, she would be entitled to a dismissal of plaintiff's bill of complaint, because the plaintiff acquired no right against the defendant nor her grantor to these lands, either by the deed to the Juneau Storage Company or the fact of the piles he caused to be driven upon the property without the knowledge or consent of Yach-goos.

The plank road used by the public it was shown extends along over the shore in front of defendants' store building. It is an extension of the plank road mentioned in the decision of McCloskey v. Pacific Coast Co., 160 Fed. 794, at 797 et seq., 87 C. C. A. 568, 22 L. R. A. (N. S.) 673, but as shown by the evidence, including the photograph exhibit in this case, this portion of the road is beyond the Murray-Carroll wharf mentioned in that decision; that is, to the south, away from the main town of Juneau. There was no evidence introduced as to how long this road had been used by the public, nor evidence of any express grant to the public by the defendant or her grantor, or any evidence whatever that they had ever been divested of any littoral right.

The piles placed in the shore by the plaintiff interfered with defendant's free right of access to the waters of Gastineau Channel; as the plaintiff did not remove them, the defendants would either do so or plank them over, for the purpose of improving such means of access. McCloskey v. Pacific Coast Co., supra.

Findings and decree will be made for the defendants.